## Popeski v. Popeski

*Michelle Hawk,* for petitioner.
*Kevin Kallenbach,* for respondent.

FALCONE, *J.,* August 14, 1989 — This matter is before the court on a final hearing on petitioner's petition for protection from abuse pursuant to 35 P.S. §10181 et seq. Petitioner has alleged two specific acts of abuse directed at one of the parties' minor children, Daniel, and has requested two forms of relief:

(1) Exclusive possession of the marital residence for one year; and,

(2) Custody of the two minor children.

Although petitioner limits his written allegations to two acts to show physical abuse, the testimony and counsel's argument also referred to mental abuse directed toward the parties' two minor children, specifically name-calling. Respondent has admitted the name-calling but denies that it was done with an intent to inflict any mental abuse. She also denies any intent to inflict physical abuse upon her son, as alleged in the petition.

The issue to be decided is whether respondent's actions rise to the level required under the statute

such that petitioner's relief should be granted. The facts of this matter which give rise to this action are as follows:

The parties were married on October 15, 1977. There were two children born of the marriage, to-wit: Kimberly Ann, now 11 years of age and Daniel, now six years of age. Respondent-wife filed a divorce action on July 21, 1989. Petitioner-husband was served with the divorce complaint on July 24, 1989. Both parties, however, continued to reside in the marital residence with their two minor children.

Petitioner-husband alleges two incidents of physical abuse, as the result of which he is seeking relief under the provisions of the Protection from Abuse statute, 35 P.S. § 10181 et seq.

Testimony showed the first incident to have occurred on July 30, 1989 and consisted of respondent, in anger, throwing a set of keys. The keys were not thrown at anyone; however, they did strike the son, Daniel, on the forehead, leaving a red mark.

Testimony further showed the second incident to have occurred the next day, on July 31, 1989, and consisted of respondent, in anger, throwing a large butcher knife some distance into a corner of the kitchen sink. Testimony differed as to where the minor son, Daniel was standing when the knife was thrown, but some testimony did show that he was in the vicinity of the path of the knife. No one testified that the knife was thrown at Daniel or at anybody else, and all testifying agreed that nobody was hit by the knife.

Petitioner-husband stated that, on these occasions, his wife was arguing, ranting and raving; and he further stated, "she gets upset real easy, and yells and throws a lot of things around the house." Respondent-wife stated that her relationship with her husband has been very frustrating, and she testified, "He has a way of pushing buttons to get

me started, to get me provoked and frustrated." She further testified that she did not throw the objects at her son on either occasion.

"Abuse" is defined in 35 P.S. §10182 as "attempting to cause or intentionally, knowingly or recklessly causing bodily injury, . . . with or without a deadly weapon." If abuse as so defined is established, the court is empowered to grant any protection order which may include the relief requested by the petitioner.

Under the facts of this case, the court finds that respondent's actions do not rise to the level required by the statute. The court understands that this is a family in turmoil which has been experiencing a great deal of anger and frustration for some time. That anger and frustration has led to a divorce action being recently commenced.

Even though the incidents involved the throwing of a set of keys and a butcher knife, petitioner has failed to prove to this court's satisfaction that respondent's alleged physical and/or mental "abuse" was done intentionally, knowingly or recklessly or that respondent attempted to cause bodily injury to her son.

The court notes that petitioner is not without other more appropriate remedies under the divorce action already filed. If petitioner so desires, he can bring an action for custody and/or exclusive possession pursuant to said divorce action. This court realizes that a request for custody was included in the protection from abuse petition so that an order for custody could be obtained more quickly than is normally possible through the custody counselor's office. However, this court declines to decide that issue and will leave the initial custody order to the custody counselor's office.

Name-calling of the children by their mother is not something this court condones. It is believed,

however, that the emotional impact on the children by this court excluding their mother from their residence and preventing unsupervised visitation by her would be greater than any name-calling which might occur.

In this particular case, the court notes that petitioner made no allegations of spousal abuse whatsoever. The protection from abuse statute was enacted to alleviate the "battered wife syndrome" and has been expanded to protect parties in other close relationships. It has not been enacted to provide divorcing parties with a means of side-stepping available remedies under the Divorce Code.

In *Smith v. Smith,* 18 D.&C. 3d 703 (1981), a case involving domestic turbulence where allegations of intent to inflict serious bodily injury were unsubstantiated by petitioner, the court stated:

"This act had a legitimate purpose when passed and still has effective application in situations where there is a truly abused and frightened spouse . . . The petition filed here appears to be a tactical tool in this marital litigation, and the emergency relief sought cannot be utilized simply because tension exists when there is a confrontation.

"The avoidance of physical contact is the remedial answer. Under the Divorce Code . . . this court has broad equity power to award temporary exclusive possession of the marital home to one of the parties." *Id.* at 709.

On review of an action brought under the Protection from Abuse Act, the Superior Court, in *Rosenberg v. Rosenberg,* 350 Pa. Super. 268, 504 A.2d 350 (1986), concluded that the statute was enacted to provide immediate protection from physical abuse and not to establish a procedure for determining permanent custody of children. See 35 P.S. §10186(a)(4).

Since petitioner has failed to prove his case by a preponderance of the evidence, this court will ter-

minate the temporary court order now in effect. Neither party shall have exclusive possession of the marital residence, and the custody issue shall be determined by the custody counselor.

Despite the fact that this court is terminating the temporary order, this court is directing the parties to this action to exhibit more responsible demeanors and to set aside their animosities for the benefit of their children. Further, this court urges respondent to continue with her counseling and, indeed, urges the entire family to participate in family counseling of some type.

## ORDER OF COURT

And now, August 14, 1989, after the final hearing on petitioner Fred J. Popeski's petition for protection from abuse, it is hereby ordered, adjudged and decreed that:

(1) This court makes no finding of physical or mental abuse by respondent, Carol M. Popeski;

(2) The temporary order entered August 7, 1987, is terminated;

(3) Neither party shall have exclusive possession of the marital residence, or exclusive custody of the minor children;

(4) Both parties to the action are, however, in the future directed to refrain from threatening to abuse or physically or mentally abusing each other or their minor children.